# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 22-2296, Jeffrey Connaughton v. Gregory Milligan |
| **Originating No. & Caption** | SEC v. Merrill, No. 1:18-cv-02844-RDB |
| **Originating Court/Agency** | US Dist Ct. D.Md. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1292(a)(2) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | November 18, 2022 | |
| Date notice of appeal or petition for review filed | December 16, 2022 | |
| If cross appeal, date first appeal filed | December 5, 2022 | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? Order to take steps to effect purposes of a receivership, including distribution of property, appealable under 28 USC 1292(a)(2) | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | No. 22-2256 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| The action below is a civil action brought by the SEC against persons (the "Receivership Parties") who were alleged to have, and later criminally convicted of, engaging in a "Ponzi Scheme" that defrauded many investors. The district court appointed a receiver (the "Receiver") to manage the assets of the Receivership Parties, and effect distributions to victims. Appellants are among those investors/victims in the underlying fraudulent scheme. Appellants also brought a separate civil action against other persons liable for their losses, and received a settlement in that action. In the action below, the Receiver effectively confiscated the full net amount received by the Appellants in the settlement in the collateral litigation, resulting in them receiving a negligible distribution in the action below. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

While several federal courts, including one Circuit Court of Appeals, have held that a receiver may consider distributions in collateral litigation and effect at least a partial setoff based on distributions received in collateral litigation, there is no precedent in which any federal court has effectively confiscated the entirety of a distribution in collateral litigation, without implementing any mitigating measures to preserve the incentive of victims to pursue potential sources of recovery outside of the receivership.  The district court's order approving the Receiver's actions below breaks dangerous new ground, is grossly inequitable, and should be vacated.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Gregory S. Milligan, Receiver | Adverse Party: Gregory S. Milligan, Receiver |
| Attorney: Lynn H. Butler<br>Address: Husch Blackwell, LLP<br>111 Congress Ave., Suite 1400<br>Austin, TX 78701 | Attorney: Jameson J. Watts<br>Address: Husch Blackwell, LLP<br>111 Congress Ave., Suite 1400<br>Austin, TX 78701 |
| E-mail: lynn.butler@huschblackwell.com | E-mail: jameson.watts@huschblackwell.com |
| Phone: (512) 472-5456 | Phone: (512) 472-5456 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Gregory S. Milligan, Receiver | Adverse Party: Gregory S. Milligan, Receiver |
| Attorney: Buffey E. Klein,<br>Address: Husch Blackwell, LLP<br>1900 N. Pearl Street, Suite 1800<br>Dallas, Texas 75201 | Attorney: Brian P. Waagner,<br>Address: Husch Blackwell, LLP<br>750 17th Street, NW, Suite 900<br>Washington, D.C. 20006 |
| E-mail: buffey.klein@huschblackwell.com | E-mail: brian.waagner@huschblackwell.com |
| Phone: (214) 999-6100 | Phone: (202) 378-2300 |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name:  Jeffrey J. Connaughton, et al.<br><br>Attorney: Monica Miller<br>Address:  Cuneo Gilbert & LaDuca, LLP<br>         4725 Wisconsin Ave., Suite 200<br>         Washington, DC 20016<br><br>E-mail: monica@cuneolaw.com<br><br>Phone:  (202) 587-5067 | Name:  Jeffrey J. Connaughton, et al.<br><br>Attorney: Jonathan W. Cuneo<br>Address:  Cuneo Gilbert & LaDuca, LLP<br>         4725 Wisconsin Ave., Suite 200<br>         Washington, DC 20016<br><br>E-mail: jonc@cuneolaw.com<br><br>Phone: (202) 789-3960 |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/Monica Miller          **Date:**          1/13/2023

**Counsel for:** Appellants Jeffrey J. Connaughton, et al.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                    Date: